

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00333-CR

CHARLES JOSEPH BALLARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 70247-E, Honorable Bradley S. Underwood, Presiding

December 15, 2017

## CONCURRING OPINION

Before QUINN, C.J., and CAMPBELL J., and HANCOCK, S.J.[1]

I agree with the Court's disposition of this appeal, and join in the Court's opinion, with the exception of its holding that appellant failed to preserve his contention that the evidence of appellant's extraneous bad acts toward B.M. should have been excluded under Rule of Evidence 403. I would hold that counsel's objection stating that the probative value of the evidence "is going to be outweighed by the prejudicial effect" was

---

[1] Mackey K. Hancock, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

sufficient to make plain to the trial court which Rule 403 ground for exclusion counsel was invoking. *See* TEX. R. EVID. 403 (stating relevant evidence may be excluded if its probative value is substantially outweighed by a danger of, inter alia, "unfair prejudice"); *cf. Checo,* 402 S.W.3d at 451 (finding general objection "under Rule 403" did not identify for the court which distinct ground listed in the rule was being argued as a basis for exclusion). Nonetheless, after review of the record, I conclude the trial court did not abuse its discretion by admitting B.M.'s testimony of appellant's conduct toward her.

James T. Campbell
Justice

Do not publish.